


Before the United States District court
Northern District of California
450 Golden Gate Ave
San Francisco, CA  94102

| | |
|---|---|
| Chris Walters,<br>    Plaintiff Pro Se | )<br>)<br>) |
| Vs. | )<br>)  Case Number C0800483 EMC<br>) |
| Michael Astrue,<br>Commissioner SSA | )  The Honorable Edward M Chen Presiding<br>) |

<u>Plaintiff's Motion For Temporary Injunction for 3rd Party ALJ Sandra K Rogers<br>And Transfer Expartied Pleading To Discovery Docket</u>

NOW COMES THE Plaintiff Christopher A Walters before the Honorable United States District Court to enter this Motion for Temporary Injunction for 3rd Party to wit:

1. **Exhibit A:** ORDER Setting Initial Case Management Conference and ADR Deadlines filed 1-14-2008 sets the questions relating to Chris Walters SSI claim 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 under the Court's Jurisdiction.

2. **Exhibit B:** From Administrative Law Judge Sandra K Rogers is "<u>Notice to Show Cause for Failure to Appear</u> dated January 29, 2008 which proposes to litigate the questions of law before the US District Court based on the failure of Chris Walters to appear.

3. **Exhibit C:** Is a statement made in support of Judicial Misconduct Complaint filed in the 10th US Circuit Court of Appeals asking if ALD Sandra K Rogers has assumed the mantle, color of authority, and power of the 10th US Circuit Court right of review reserved under Title 28 USC 1291 <u>Final Decision of District Courts</u>?

4. **Exhibit B :** ALJ Sandra K Rogers states action is being take for Chris Walters failure to Appear when in fact <u>Exhibit D & E</u> show Chris Walters place Notices of Appearances and Other notices by priority US Mail and the Notice of Hearing and Chris Walters Notice of Appearance are appended to the Complaint and Summons currently being issued by the Clerk of the Court to the Defendants.

1

5.   The Federal Rules of Civil Procedure and most local rules of USDC do not permit exparted or 3 party litigation or communications.

## Social Security Administration

## Ticket to Work and Self-Sufficiency



This ticket is issued to you by the Social Security Ac under the Ticket to Work and Self-Sufficiency Program help in returning to work or going to work for the first tir offer this ticket to an Employment Network of your choo it to your State vocational rehabilitation agency for sen choose an Employment Network and it agrees to take or if you choose your State agency and you qualify f these providers can offer you services to help you go

An Employment Network provides the services of no The Social Security Administration will pay the E Network if you assign your ticket to it, and the Employn helps you go to work and complies with other requirer Program. An Employment Network serving under the F agrees to abide by the rules and regulations of the Pro the terms of its agreement with the Social Security Ac for providing services under the Program. Your State te you about its rules for getting services

Ticket Number

Claim Account Number

Issue Date: May 15, 2007

Michael J Astrue
Commissioner of S

### Discussion On Merits of Temporary Injunction & Transfer to Discovery Docket

A temporary Injunction of the ADL Proceedings and further exparted communications by ALJ Sandra K Rogers permits the 3rd party who is cited in the actual Complaint and primary movant to appear in a timely and lawful manner at Discovery and allow everyone involved to clarify exactly what the Administrative Law Judge Sandra K Rogers. A Temporary Injunction also might help keep the ALJ out of sanctions in the 10th US Circuit Court of Appeals for usurping the rights and privileges reserved under Title 28 USC 1291 <u>Final Decisions of District Courts</u> where US Circuit Courts have the exclusive right to review the findings of <u>Walters v Astrue</u> USDC, NM 07-cv-257.

As a Discovery matter the initial statement of jurisdictional authority stated by Administrative Law Judge was an inquiry from a ALJ Herbert of San Antonio, Texas to a secret hearing held by the Social Security Appeals Council 10-15-2007. Discovery can permit the Defendant to clarify how ALJ Review applies to the Ticket To Work Program where Chris Walters is already signed up with Department of Vocational Rehabilitation in Medford, Oregon. Discovery certainly will make sure that ALJ Sandra Rogers is represented by adequate legal counsel when making statements that Chris Walters failed to appear are accurate and factual and not the result of fraud, hoaxes, and shams or inadvertent accident. Discovery will permit ALJ Sandra Rogers and the Defendant to explain questions about vocational training when they have on 2 occasions declined to permit Chris Walters access to funds out of back pay to purchase computer equipment for computer training (Cited Appended Document) to move forward with the activity.

The Honorable US District Court is therefore asked to Issue a Temporary Injunction to the Defendant's employee Administrative Law Judge Sandra K Rogers to cease and desist from adjudication of Chris Walters SSI Claim 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 because the US District Court and 10th US Circuit Court of Appeals have superior jurisdiction and the questions can be moved or entered as Discovery matters.

Respectfully Submitted By
Chris Walters
c/o 2414 W Kettleman Lane #210-1109, Lodi, CA 95242

2-3-2008

Certificate of Service

I Christopher Walters, Plaintiff Pro Se do state and affirm that I have caused a true and correct copy of the foregoing <u>Plaintiff's Motion For Temporary Injunction for 3rd Party ALJ Sandra K Rogers And Transfer Expartied Pleading To Discovery Docket</u> and exhibits to be mailed by first class US Mail on the __3__ day of February, 2008 to the following parties:

1.   Administrative Law Judge
     Sandra K Rogers
     Office of Disability Adjudication and Review
     Social Security Administration
     3116 W March Lane STE 100
     Stockton, CA  95297-1952

2.   Office of General Counsel
     Social Security Administration
     Windsor Building
     6401 Security Blvd
     Baltimore , MD 21235

3.   United States Attorney General
     U.S. Department of Justice
     950 Pennsylvania Avenue, NW
     Washington, DC 20530-0001

4.   United States Attorney
     Box 36055
     450 Golden Gate Avenue
     San Francisco, CA  94102

As Executed By Chris Walters _____  Date: _2-3-2008_

3

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

JAN 1 4 2008

CHRIS WALTERS,

    Plaintiff (s),

v.

MICHAEL ASTURE,

    Defendant(s).

No. C 08-00483 EMC

**ORDER SETTING INITIAL CASE MANAGEMENT CONFERENCE AND ADR DEADLINES**

IT IS HEREBY ORDERED that this action is assigned to the Honorable Edward M. Chen. When serving the complaint or notice of removal, the plaintiff or removing defendant must serve on all other parties a copy of this order , the Notice of Assignment of Case to a United States Magistrate Judge for Trial, and all other documents specified in Civil Local Rule 4-2. Counsel must comply with the case schedule listed below unless the Court otherwise orders.

IT IS FURTHER ORDERED that this action is assigned to the Alternative Dispute Resolution (ADR) Multi-Option Program governed by ADR Local Rule 3. Counsel and clients shall familiarize themselves with that rule and with the material entitled "Dispute Resolution Procedures in the Northern District of California" on the Court ADR Internet site at www.adr.cand.uscourts.gov. A limited number of printed copies are available from the Clerk's Office for parties in cases not subject to the court's Electronic Case Filing program (ECF).

## CASE SCHEDULE -ADR MULTI-OPTION PROGRAM

| Date | Event | Governing Rule |
|---|---|---|
| 1/14/2008 | Complaint filed | |
| 4/9/2008 | *Last day to:<br>• meet and confer re: initial disclosures, early settlement, ADR process selection, and discovery plan | FRCivP 26(f) & ADR L.R.3-5 |
| | • file Joint ADR Certification with Stipulation to ADR Process or Notice of Need for ADR Phone Conference | Civil L.R. 16-8 |
| 4/23/2008 | *Last day to file Rule 26(f) Report, complete initial disclosures or state objection in Rule 26(f) Report and file Case Management Statement per attached Standing Order re Contents of Joint Case Management Statement (also available at http://www.cand.uscourts.gov) | FRCivP 26(a) (1)<br>Civil L.R . 16-9 |
| 4/30/2008 | INITIAL CASE MANAGEMENT CONFERENCE (CMC) in Courtroom C,15th Floor,SF at 1:30 PM | Civil L.R. 16-10 |

\* If the Initial Case Management Conference is continued, the other deadlines are continued accordingly.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**STANDING ORDER FOR CIVIL PRACTICE IN CASES
ASSIGNED FOR ALL PURPOSES TO
MAGISTRATE JUDGE EDWARD M. CHEN**
(8/9/07)

The parties shall follow the General Orders of the Court for the Northern District of California, the Local Rules, and the Federal Rules of Civil Procedure, except as expressly modified herein. Failure to comply with any of the rules and orders may be deemed sufficient grounds for monetary sanctions, dismissal, entry of default judgment, or other appropriate sanctions. The rules and orders are supplemented and modified as follows:

### A.  STANDING ORDER RE MOTIONS AND CONFERENCES

1.  Criminal Law and Motion is heard on Wednesdays at 9:30 a.m. Civil Law and Motion is heard on Wednesdays at 10:30 a.m. Counsel need not reserve a hearing date in advance for civil motions. However, noticed dates may be reset as the Court's calendar requires.

2.  Case Management Conferences are heard on Wednesdays at 1:30 p.m. Pretrial Conferences are heard on Wednesdays at 3:00 p.m.

3.  In cases that are randomly assigned to Judge Chen for all purposes, the parties are requested to file their written consent to the assignment of a U.S. Magistrate Judge for all purposes, or their written declination of consent, as soon as possible.

4.  All scheduling questions should be addressed to Judge Chen's courtroom deputy, Betty Fong, at (415) 522-2034.

5.  Law and motion matters may be submitted without argument upon stipulation of the parties and notification of the Court no later than two (2) court days before the hearing.

6.  **In all "E-Filing" cases, when filing papers that require the Court to take any action (e.g. motions, meet and confer letters, administrative requests), the parties shall, in addition to filing papers electronically, lodge with chambers a printed copy of the papers on three-hole punch paper (including all exhibits) by the close of the next court day following the day the papers are filed electronically. These printed copies shall be marked "EMC Chambers Copy" and shall be submitted to the Clerk's Office in an envelope clearly marked with the case number, "Magistrate Judge Edward M. Chen," and "E-Filing Chambers Copy." Parties shall not file a paper copy of any document with the Clerk's**

**Office that has already been filed electronically. A proposed order in an E-Filing case must be emailed to emcpo@cand.uscourts.gov as a WordPerfect attachment on the same day that it is E-Filed.** With permission, Chambers' copes of documents may be submitted on CD-ROM with hypertext links to exhibits.

7. The Court can no longer supply a court reporter. If you wish to have this hearing recorded by a court reporter rather than by electronic means, please arrange this privately.

### B. STANDING ORDER RE DISCOVERY DISPUTES

This Standing Order applies to all disclosures and discovery motions assigned to Judge Chen and is intended to supplement the Civil Local Rules of this District regarding motion practice (Civil L. R. 7-1 et seq.) and the resolution of disclosure or discovery disputes (Civil L. R. 37-1 et seq.).

8. Discovery motions may be addressed to the Court in three ways. A motion may be noticed on not less than thirty-five (35) days notice pursuant to Civil L. R. 7-2. Alternatively, any party may seek an order shortening time under Civil L. R. 6-3 if the circumstances justify that relief. In emergencies during discovery events (such as depositions), the Court is available pursuant to Civil L. R. 37-1(b). In the event a discovery dispute arises, counsel for the party seeking discovery shall in good faith confer **in person** with counsel for the party failing to make the discovery in an effort to resolve the dispute without court action, as required by Fed. R. Civ. P. 37 and Civil L. R. 37-1(a). The meeting must be **in person**, except where good cause is shown why a telephone meeting is adequate. A declaration setting forth these meet and confer efforts, and the final positions of each party, shall be included in the moving papers. The Court will not consider discovery motions unless the moving party has complied with Fed. R. Civ. P. 37 and Civil L. R. 37-1(a).

9. Motions for sanctions shall be filed by separate motion in accordance with the Fed. R. Civ. P. 37 and Civil L. R. 37-3. The parties shall comply with their meet and confer obligations pursuant to Civil L. R. 37-1(a). Parties who refuse to meet and confer will be subject to sanctions pursuant to Civil L. R. 37-3.

10. Any party filing an Emergency or Ex Parte Application **must** contact Judge Chen's courtroom deputy clerk, Betty Fong, at 415/522-2034.

PRODUCTION OF DOCUMENTS

11. In responding to requests for documents and materials under Fed. R. Civ. P. 34, all parties shall affirmatively state in a written response served on all other parties the full extent to which they will produce materials and shall, promptly after the production, confirm in writing that they have produced all such materials so described that are locatable after a diligent search of all locations at which such materials might plausibly exist. It shall not be sufficient to object and/or to state that "responsive" materials will be or have been produced.

12. In searching for responsive materials in connection with a request under Fed. R. Civ. P. 34, parties must search computerized files, emails, voicemails, work files, desk files, calendars and diaries, and any other locations and sources if materials of the type to be produced might plausibly be expected to be found there.

13. Privilege logs shall be promptly provided and must be sufficiently detailed and informative to justify the privilege. *See* Fed. R. Civ. P. 26(b)(5). No generalized claims of privilege or work product protection shall be permitted. With respect to each communication for which a claim of privilege or work product is made, the asserting party must at the time of its assertion identify: (a) all persons making and receiving the privileged or protected communication; (b) the steps taken to ensure the confidentiality of the communication, including affirmation that no unauthorized persons have received the communication; (c) the date of the communication; and (d) the subject matter of the communication. Failure to furnish this information at the time of the assertion may be deemed a waiver of the privilege or protection.

14. To the maximum extent feasible, all party files and records should be retained and produced in their original form and sequence, including file folders, and the originals should remain available for inspection by any counsel on reasonable notice.

15. As soon as a party has notice of this order, the party shall take such reasonable steps as are necessary to preserve evidence related to the issues presented by the action, including, without limitation, interdiction of any document destruction programs and any ongoing erasures of emails, voicemails, and other electronically recorded material to the extent necessary to preserve information relevant to the issues presented by the action.

16. Except for good cause, no item will be received in evidence if the proponent failed to produce it in the face of a reasonable and proper discovery request covering the item, regardless of whether a motion to overrule any objection thereto was made.

## DEPOSITIONS

17. Absent extraordinary circumstances, counsel shall consult in advance with opposing counsel and unrepresented proposed deponents to schedule depositions at mutually convenient times and places. Where an agreement cannot be reached as to any party deponent or

a deponent represented by counsel of record, the following procedure may be invoked by the party seeking any such deposition. The party seeking such a deposition may notice it at least twenty (20) days in advance. If the noticed date and place is unacceptable to the deponent or the deponent's counsel, then within ten (10) days or receipt of the notice, the deponent or counsel for the deponent must reply and counter-propose in writing an alternative date and place falling within twenty (20) days of the date noticed by the party seeking the deposition.

18.     Counsel and parties shall comply with Fed. R. Civ. P. 30(d)(1). Deposition objections must be as to privilege or form only. Speaking objections are prohibited. When a privilege is claimed, the witness should nevertheless answer questions relevant to the existence, extent or waiver of the privilege, such as the date of a communication, who made the statement, to whom and in whose presence the statement was made, other persons to whom the contents of the statement have been disclosed, and the general subject matter of the statement, unless such information itself is itself privileged. Private conferences between deponents and attorneys in the course of interrogation, including a line of related questions, are improper and prohibited except for the sole purpose of determining whether a privilege should be asserted.

## SANCTIONS

19.     Failure to comply with this Order or the Local Rules of this Court may result in sanctions. See Fed. R. Civ. P. 16(f), Civil L. R. 1-4.

copy.

_____
Edward M. Chen
United States Magistrate Judge



**SOCIAL SECURITY ADMINISTRATION**

Refer To:
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
Christopher A. Walters

Office of Disability Adjudication and Review
3116 W. March Lane
Suite 100
Stockton, CA 95219
Tel: (209)477-3103/ Fax: (209)477-3394

January 29, 2008

Christopher A. Walters
2414 W. Kettleman Lane
Box 210-1109
Lodi, CA 95240

### NOTICE TO SHOW CAUSE FOR FAILURE TO APPEAR

You did not appear at your scheduled hearing. My notice of December 12, 2007, told you that I would hear your case on January 28, 2008, at 9:30 AM Pacific (PT). You failed to provide an explanation for not appearing at your hearing. You now have another opportunity to explain your absence.

**To Show Good Cause**

To show good cause, you must give me a written statement with a good reason why you did not appear before me at the time set for the hearing. You must send the statement to the address shown above by February 13, 2008.

**What I Will Do**

I will consider a statement you give me by that date to see if it shows good cause. In deciding if you have shown good cause, I will consider rules stated in the Code of Federal Regulations, Title 20, Chapter III, Part 404 (Subpart J, Sections 404.911, 404.936, and 404.957(b)) and Part 416 (Subpart N, Sections 416.1411, 416.1436, and 416.1457(b)).

If you show good cause, I will again set a time and place to hear your case. If you do not show good cause, I will dismiss your request for hearing.

**If You Have Any Questions**

If you have any questions, please call or write this office. Our telephone number and address are shown above.

*Sandra K. Rogers*

Sandra K. Rogers
Administrative Law Judge





**Before Office of Circuit Executive**
**United States Courts for the Tenth Circuit**
**Byron White United States Courthouse**
**1823 Stout Street**
**Denver, Colorado 80257**

Appended Statement of Facts In Support of
Judicial Misconduct And Disability Complaint

The Court is asked to consider whether Judge William Herbert and Sandra Rogers have appointed themselves both US District Court Judges in USDC, NM and US Circuit Appellate Judges in 10th US Circuit and usurping the rights of judicial review have conspired too retry a US District Court case 07-257-cv from New Mexico where a ruling which is final and binding has been ORDERED in 2007:

1. <u>Citation of Authority</u>: In December, 2005 the Social Security Appeals Council ORDERED Administrative Law Judge William Herbert of San Antonio Texas aka US Circuit Court Judge William Herbert to complete the record of a Christopher A Walters 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 and he subsequently made a Partially Favorable Decision dated April, 2006.

2. <u>Citation of Authority</u>: It is important to note that while the rules of law known as the Hallex and Title 42 USC 423 (d)(b)(5) <u>Disability Determinations</u> provide that Social Security claims are based on medical evidence the Social Security Administration has previously appeared in several actions including <u>Walters v Miller.,</u> USDC, WDT SA-97-1313; <u>Walters v Kenneth Apfel WDT SA</u> 99CA0156SS; and <u>Bradshaw v Walters & Odom,</u> Superior Court NM 04cvS2674 and demanded the right to process Chris Walters SSI claim without medical documentation or medical records and Judge Herbert's Partially Favorable Decision omits all of Chris Walters 160 some odd doctors and instead relies on a medical opinion of a doctor who has never met Chris Walters.

3. <u>Citation of Authority</u>: A timely and lawful appeal to the Social Security Appeals Council was denied by letter from the Acting Commissioner Linda McMahon in February, 2007 and a timely and lawful appeal to the US District Court in New Mexico was made.

4. <u>Exhibit A:</u> I am Christopher A Walters (SS 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) prevailing counsel in the civil action <u>Walters v Astrue</u> (07-257-cv) United States District Court of New Mexico.

5. As Exhibit B suggest Judge William Herbert who has no lawful authority to contact Chris Walters, nor participate in the legal process of appeals has appeared expartied before the US District Court, demanded a right to waiver service of process and summons which the US District Court authorized and demanded to make a statement of fact and law that Chris Walters has a substantial disability which impairs his ability to work and agreed to pay Social Security benefits; back pay from 2004; and provide medical benefits.

6. <u>Exhibit B:</u> Is a Motion to discuss the agreement with the Court; cites the issues of law as being adjudicated and request the permission of the Court to withdraw the Complaint as no issue of law exist.

7. <u>Exhibit C:</u> The Presiding Judge Judith Hererra found the agreement between the parties well pleaded and signed an Order permitting the Complaint to be withdrawn without

1

prejudice and without sanctioning Judge Herbert for practicing law in the 10th US Circuit Court of Appeals without any standing or credentials.

8.  Citation of Authority: having successfully tampered with the US District Court proceeding Judge Herbert then went on to tamper with the proceeding by according to witnesses having the FBI seize a US District Court Order on payment of legal fees; intercepted a Registered eyeglass prescription; and pilfered other mail addressed to Chris Walters.

9.  A question of a National Security Death Warrant for Judge John Doe was facilitated to the US House Committee on the Judiciary explaining that the interception of Court documents... constituted a terrorist activity actionable under the US Patriot Act.

10. Exhibit D: Is the 2nd Notice of Hearing from Administrative Law Judge Sandra K Rogers which proposes to review and adjudicate on issues of law and matters which have already been ruled upon by the US District Court, New Mexico and suggest the Administrative Law Judge has taken the mantle of power and authority of a Judge in the 10th US Circuit Court of Appeals to review a finding of the lower Court.

11. Citation of Authority: The first Notice of Hearing was passed along to the Federal Prosecutor in San Francisco, California because it suggested an Administrative Law Judge William Herbert of San Antonio, Texas had arranged a secret hearing on October 15th, 2007 and denied Chris Walters his right to be present at the hearing an apparent violation of Title 18 USC 242 Deprivation of rights under color of law.

12. Citation of Authority: Having no legal standing to consider the matter further as an Administrative Law Judge it now appears Judge Herbert has elevated himself to the status of Acting US Circuit Court Judge in the 10th Circuit Court of Appeals to move the Social Security to conduct further review where it has no legal standing.

13. Exhibit E: Is a Notice of Appearance and Remand by Chris Walters addressed to the Social Security Administration Office of Hearings and appeals citing the previous ruling from the 5th US Circuit Court of Appeals that the relief Judge Sandra Rogers seeks has been prohibited by several US Districts and US Circuit.

## Discussion on The Merits

The 10th US Circuit Court of Appeals is asked to consider that the actions of Administrative Law Judges Sandra Rogers and William Herbert have unlawfully usurped the rights of law to the US District Courts to amend it's ruling and US Circuit Court of Appeals to conduct an appeal or review if one is merited. The simple fact of law is that neither the Social Security Commissioner, Appeals Council, nor any inferior Administrative Law Judge have any known or recognized right to overrule or amend the finding of a US District Court and certainly lack any power of review reserved by statute and law including the FRAP reserved to US Circuit Court of Appeals.

The nature of the final Order of Judge Hererra is without prejudice and permits the Social Security Administration to file a timely and appropriate brief in either a US District Court of the US Circuit Court of Appeals. Exactly what basis if any the Social Security Administration could claim for relief is unclear since they are seeking relief from their own ruling where they admitted as a point of fact and law that Chris Walters is disabled.

While the rules of law known as the Hallex and Title 42 USC 423 (d)(b)(5) Disability Determinations provide that Social Security claims are based on medical evidence the Social Security Administration has previously appeared in several actions including Walters v Miller., USDC, WDT SA-97-1313; Walters v Kenneth Apfel WDT SA 99CA0156SS; and Bradshaw v Walters & Odom, Superior Court NM 04cvS2674 and demanded the right to process Chris Walters SSI claim without medical

2

documentation or medical records. Exactly how a Social Security Claim disability could be made without medical evidence was removed to the several committees of the US Congress as the appended letter from US Congressman Lamar Smith and Vice Chairman of House Committee suggest. Administrative Law Judge states in her Notice of Hearing to require Chris Walters to produce medical evidence seeks relief from Chris Walters to violate the several ORDERS secured by the Social Security Administration in the past proceedings.

The letter from the 5th US Circuit Court of Appeals denies further adjudication on this matter and the Social Security Administration is not entitled to make further demands for Chris Walters to provide medical documentation. The many other fantastic claims or suggested changes in Title 42 USC Chapter 7 Social Security Act requested by the Bush Administration were also rejected by the US Congress in 2004 and 2007 as lacking any merit.

In conclusion the US Circuit Court of Appeals is asked to consider that:

1. Administrative Law Judge William Herbert failed to complete the Social Security record in defiance of the ORDER of the Appeals Council of 12, 2005.

2. Administrative Law Judge William Herbert conducted an unlawful expartied hearing in the US District Court of New Mexico and subsequently elevated himself to the status of a Senior US District Court Judge to obstruction federal court ORDERS.

3. Administrative Law Judge William Herbert then elevated himself to the status of US Circuit Court Judge by attempting to challenge or modify the final ORDER of the US District Court in Walters v Astrue without any proper jurisdictional authority or legal status.

4. The parties are engaged in an extensive conspiracy which began in the commission of a probable violation of Title 18 USC 242 Deprivation of rights under color of law to hold a secret hearing before the Appeals Council to which Chris Walters as counsel of record was denied a right to attend and where the Social Security Administration lacks power of review.

5. The actions of Administrative Law Judges Sandra C Rogers and William Herbert of San Antonio, Texas are exercising rights reserved to US Magistrates, US District Court Judges, and US Circuit Courts by statutes and rules of law to review and further adjudicate questions and matters already considered by the US District Court, NM.

6. The nature of the demands being to further adjudicate the cause is to deny Chris Walters is real property or social security benefits awarded by a US District Court action which was timely, well pleaded, and fully adjudicated.

7. The previous claims of the Social Security Administration made by and through counsel that it is entitled to operated under the "Divine Right of Kings" has been rejected by both the Courts and the US Congress.

8. The Court might consider timely and appropriate sanctions on both Judges Sandra Rogers and Judge William Herbert for Judicial Misconduct by impersonating US Judges; unlawful and untimely review of an existing ORDER of a US District Court a violation of Title 18 USC 402 Contempt; aiding and abetting a conspiracy to violate Title 28 USC 242 Deprivation of rights under color of law; demanding Chris Walters counsel of record violate several existing ORDERS of several Courts to provide relief the Courts have already ruled the Social Security Administration is not entitled.....

Respectfully Submitted By Chris Walters, Plaintiff Pro Se
c/o 2414 W Kettleman Lane Ste 210-1109 Lodi, CA 95242

3

Exhibit D

Mr. Chris Walters
SS #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
c/o 7 South School Street #331
Lodi, CA 95240

Mrs. Davis, Case Manager
Social Security Administration
2122 W Kettleman Lane
Lodi, CA 95242

RE:  Courtesy Copy Brief Filed In Response Appeals Council:

Dear Mrs. Davis:

  The enclosed document has been mailed by priority mail with the Appeals Council; Regional Legal Counsel; and Administrative Law Judge Sandra C Rogers of Stockton in response to recent letter from Appeals Council for a "Disability Determination"

  In brief it would appear the Appeals Council was unaware the Commissioner's staff secured an Agreement before the US District Court, NM. The Motion to Implement the Commissioner's Agreement seeks to bring everyone up to date as cited in the Status Report....

  Many thanks for your office staff's continued assistance and I will sign off until next year.

Chris Walters,
SSI Recipient

*[signature] ChrisWalters, 12-28-2007*

Exhibit E

```
***** WELCOME TO *****
   LODI MAIN POST OFFICE
     120 S SCHOOL STREET
      LODI, CA 95240-9998
         01/19/08 01:56PM

Transaction Number              2
USPS® #                 054416-955

 2. Priority Mail® service   4.60
    Destination:    9521  ?374
    Weight:         0 lb. 3.10 oz.
    Total Cost:            4.60
    Base Rate:             4.60

Subtotal                     4.60
Total Charged                4.60

DebitCard                    4.60

      <23-902440122-99>
DebitCard
ACCT. NUMBER     TRANS #    AUTH
0440              870      56021
RECEIPT # 016045

              Thanks.
    It's a pleasure to serve you.

ALL SALES FINAL ON STAMPS AND POSTAGE
REFUNDS FOR GUARANTEED SERVICES ONLY.
```



Exhibit D

Receipt 1:
```
Priority / service
Destinati          94804
Weight:       0 lb. 6.10
Total C            5.25
Base R             4.60
Label
0414       ) 2202 5243
           ES
           service    .65

<23-902440122-99>
  JMBER      TRANS #
                329
  IPT # 015482

To check on the delivery status
your Delivery Confirmation art
    ur Track & Confirm websi
    s.com, use this Automate
    Center™ (or any Automate
    Center™ at other Postal
    ons) or call 1-800-222-1(

         Thanks.
  t's a pleasure to serve y
SALES FINAL ON STAMPS AND
NDS FOR GUARANTEED SERVICE

Your opin
      P
    http://
```

Receipt 2:
```
ity Mail® FR Env
nation:    22041
 t:        0 lb. 6.10
  Cost:        5.25
  Rate:        4.60
Label #:
 .2976 9550 2202 5236
      SERVICES
    ery
Con irmation™ service  .65

  arged
  d
   <23-902440122-
  d
  MBER           7
  # 015480

  on the deliv
livery Confirm
 Jr Track & Con
 s.com, use this Automated
 Center™ (or any Automated
 Center™ at other Postal
 ns) or call 1-800-222-181

         Thanks.
  s a pleasure to
    ES FINAL ON STA
REFUNDS FOR GUARANTEED

    op nn mati
         se v
```

Mr. Chris Walters
SS 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
c/o Box 245
1300 "G" El Paseo Road
Las Cruces, NM 88001
Friday, April 27th, 2007

Technical Expert Betsy Huber
Social Security Administration
2141 Summit Court
Las Cruces, NM 88011

RE:   Request Purchase Computer Equipment
      Vocational Training/Employment Search Activities:

Dear Technical Expert Betsy Huber:

In 2001 the Social Security Administration in Boise, Idaho completed a "Reconsideration" and requested I engage in a vocational training activity which might improve my job skills/employability. The vocational training involves computer related works which might be appropriate for a person who has limited ability to stand; loss of bowel control: and a history of clerical work and the report includes:

1.   SSA recommendation for Voc Rehab.

2.   Letter from Doctor Robert Canon of University of Texas School of Social Work identifying areas of work and volunteering to be the computer instructor.

3.   Computer related volunteer activity at Winston Salem Public Library (news article)

4.   Homeland Security Related research project in Washington State which has been endorsed by hundreds of law enforcement; government; and others.

5.   Estimate of costs to purchase laptop computer/accessories.

Purpose of Current Activities/Expenditures

I am hoping to purchase a laptop computer and improve contacts in Washington State with the goal of aim of securing employment inside of a government agency/nonprofit in Washington State through expanded contacts.

Sincerely
Chris Walters