UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CHRIS WALTERS,

    Plaintiff,

v.

MICHAEL ASTRUE, *et al.*,

    Defendants.
_____/

No. C-08-0483 EMC

**ORDER (1) GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*; (2) DISMISSING COMPLAINT WITH LEAVE TO AMEND; AND (3) DENYING AS MOOT MOTION FOR TEMPORARY INJUNCTION, MOTION FOR DISCOVERY AND PETITION FOR WRIT OF MANDAMUS, AND MOTION FOR SUMMARY JUDGMENT**

**(Docket Nos. 2, 4, 5, 7)**

Plaintiff Chris Walters has filed a complaint against the Commissioner and Regional Commissioner of the Social Security Administration ("SSA"), alleging that his civil rights were violated as a result of the SSA's action. Mr. Walters has also filed with the Court an application to proceed in forma pauperis. He has consented to proceed before a magistrate judge.

**I. DISCUSSION**

A.    <u>In Forma Pauperis Application</u>

When presented with an application to proceed in forma pauperis, a court must first determine if the applicant satisfies the economic eligibility requirement of 28 U.S.C. § 1915(a). *See Franklin v. Murphy*, 745 F.2d 1221, 1226 n.5 (9th Cir. 1984). Section 1915(a) does not require an applicant to demonstrate absolute destitution. *See McCone v. Holiday Inn Convention Ctr.,* 797 F.2d 853, 854 (10th Cir. 1982) (citing *Adkins v. E.I. Du Pont de Nemours & Co., Inc.*, 335 U.S. 331, 339(1948)).

In his financial affidavit, Mr. Walters states that he is not presently employed and that his only source of income is federal or state welfare payments. Mr. Walters also states that he does not own a home or car or possess any other assets except for a bank account with limited funds. Finally, Mr. Walters states that his monthly expenses consist of $391 for rent and $400 for food. Given these circumstances, the Court grants Mr. Walters's application to proceed in forma pauperis.

B.  Complaint

Title 28 U.S.C. § 1915(e)(2) requires a court to dismiss any case in which a litigant seeks leave to proceed in forma pauperis if the court determines that the action is (1) frivolous or malicious;[1] (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2).

The Court has reviewed Mr. Walters's complaint. The complaint is confusing and difficult to understand. From what the Court is able to divine, it appears that Mr. Walters takes issue with a notice of hearing that was issued by an ALJ, Sandra K. Rogers, who is located in a SSA office in California.[2] The notice informed Mr. Walters that there would be a hearing "concern[ing] [his] application of January 15, 2004, for a period of disability and Disability Insurance Benefits under section 216(I) and 223(a) of the Social Security Act" on January 28, 2008. Mr. Walters appears to contend that no notice should have issued and no hearing should be held (or should have been held) because he and the SSA previously reached an "informal agreement" regarding his disability benefits. According to Mr. Walters, that informal agreement was effected by a SSA office in New Mexico and was approved by a New Mexico federal court. Attached to the complaint is what appears to be an order from a judge in the District of New Mexico, which granted Mr. Walters's

---

[1] *See, e.g., Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (determining that a court may dismiss cases where the facts alleged are clearly baseless, fanciful, fantastic, delusional, irrational, wholly incredible, etc.); *Arcade v. Cockrell*, No. 02-20444, 2003 U.S. App. LEXIS 21806, at *2 (5th Cir. July 15, 2003) (concluding that plaintiff's filings in addition to his amended complaint following the district court's explicit and clear instructions not to file any additional pleadings exhibited contumacious conduct and was malicious).

[2] The Court acknowledges that Mr. Walters also takes issue with actions taken or statements made by William S. Herbert, an ALJ, who is located in a SSA office in Texas. However, there does not appear to be any basis for this Court to assert jurisdiction over Judge Herbert himself.

motion to withdraw his lawsuit based on an informal agreement with the SSA and dismissed the case pursuant to Federal Rule of Civil Procedure 41(a)(2).

Mr. Walters contends that the instant lawsuit is not one for benefits under the Social Security Act. Rather, he appears to argue that he has a cause of action against the Commissioner and Regional Commissioner of the SSA based on 18 U.S.C. §§ 4 and 242 and 42 U.S.C. § 1986. The Court concludes that Mr. Walters has failed to state a claim for relief under any of these statutes.

First, Mr. Walters cannot state a claim for violation of 18 U.S.C. §§ 4 or 242 because neither gives rise to a private right of action. Rather, these statutes are criminal statutes only.[3] *See, e.g.*, *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 511 (2d Cir. 1994) (concluding that district court properly dismissed claim pursuant to § 242 because it is a "criminal statute[] that do[es] not provide [a] private cause[] of action"); *Cominsky v. FBI*, No. 1:07 CV 1261, 2007 U.S. Dist. LEXIS 38719, at *9 (N.D. Ohio May 29, 2007) (noting that §§ 4 and 242 are criminal statutes and "provide no private right of action"); *Mathews v. Washington Mut. Bank, FA*, No. 05-100, 2006 U.S. Dist. LEXIS 56738, at *12 (E.D. Pa. Aug. 14, 2006) (stating that "[n]o right of civil action is created by the plain language of [§ 4]"; adding that "[w]e can find no court that has concluded that this statute creates any personal right or private remedy").[4]

---

[3] Section 4 provides that "[w]hoever, having knowledge of the actual commission of a felony cognizable by a court of the United States, conceals and does not as soon as possible make known the same to some judge or other person in civil or military authority under the United States, *shall be fined under this title or imprisoned not more than three years, or both*." 18 U.S.C. § 4 (emphasis added). Section 242 provides in relevant part that "[w]hoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, or to different punishments, pains, or penalties, on account of such person being an alien, or by reason of his color, or race, than are prescribed for the punishment of citizens, *shall be fined under this title or imprisoned not more than one year, or both*." *Id.* § 242 (emphasis added).

[4] *See also Central Bank of Denver, N.A. v. First Interstate Bank, N.A.*, 511 U.S. 164, 190 (1944) (noting that "[w]e have been quite reluctant to infer a private right of action from a criminal prohibition alone" and that "we have not suggested that a private right of action exists for all injuries caused by violations of criminal prohibitions"); *Cort v. Ash*, 422 U.S. 66, 79-80 (1975) (stating that "provision of a criminal penalty does not necessarily preclude implication of a private cause of action for damages" but that there is no private right of action when there is "nothing more than a bare criminal statute, with absolutely no indication that civil enforcement of any kind was available to anyone").

1  Second, Mr. Walters cannot state a claim for violation of 42 U.S.C. § 1986 because he has
2  failed to include any allegations of conspiracy in his complaint.[5] Furthermore, to the extent that Mr.
3  Walters suggests that SSA officials were conspiring with one another to deny him of his civil rights,
4  that would not support a viable § 1986 claim since the SSA cannot conspire with itself and thus
5  there can be no violation of § 1985, which is a necessary predicate for a violation of § 1986. *Cf.*
6  *Richmond v. Board of Regents of University of Minnesota*, 957 F.2d 595 (8th Cir. 1992) (concluding
7  that an employee could not maintain an action under 42 U.S.C.S. § 1985 because a corporation could
8  not conspire with itself through its agents when the acts of the agents were within the scope of
9  employment).

The Court therefore concludes that Mr. Walters has failed to state a claim for relief.

## II. CONCLUSION

For the foregoing reasons, the Court grants Mr. Walters's application to proceed in forma pauperis but dismisses his complaint without prejudice.[6] The Court shall allow Mr. Walters to file an amended complaint, if he wishes to do so, within 30 days from the date of this order. Mr. Walters is forewarned that any amended complaint must comply with Federal Rule of Civil Procedure 8(a), which provides in relevant part that a complaint must contain only "a *short and plain* statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a) (emphasis added). Because the Court is dismissing the complaint, the Court denies as moot the pending motions filed

---

[5] Section 1986 provides in relevant part as follows: "Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in the preceding section [*i.e.*, § 1985], are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented . . . ." 42 U.S.C. § 1986. Section 1985 addresses conspiracies to violate civil rights.

[6] Although a magistrate judge does not have jurisdiction over an action unless all parties have consented, this Court does not require the consent of the Defendants in order to properly dismiss claims brought in this action because Defendants have not been served, and, as a result, they are not parties. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) (holding that magistrate judge had jurisdiction to dismiss prison inmate's action under 42 U.S.C. § 1983 as frivolous without consent of defendants because defendants had not been served yet and therefore were not parties); *see also United States v. Real Property*, 135 F.3d 1312, 1317 (9th Cir. 1998) (holding that magistrate judge had jurisdiction to enter default judgment in *in rem* forfeiture action even though property owner had not consented to it because 28 U.S.C. § 636(c)(1) only requires the consent of the parties and the property owner, having failed to comply with the applicable filing requirements, was not a party).

by Mr. Walters (*i.e.*, the motion for a temporary injunction, the motion for summary judgment, and the discovery motion/petition for writ of mandamus).

This order disposes of Docket Nos. 2, 4, 5, and 7.

IT IS SO ORDERED.

Dated: March 4, 2008

_____
EDWARD M. CHEN
United States Magistrate Judge

United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS WALTERS,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL ASTRUE, *et al.*,<br><br>    Defendants.<br>_____/ | No. C-08-0483 EMC<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the U.S. District Court, Northern District of California. On the below date, I served a true and correct copy of the attached, by placing said copy/copies in a postage-paid envelope addressed to the person(s) listed below, by depositing said envelope in the U.S. Mail; or by placing said copy/copies into an inter-office delivery receptacle located in the Office of the Clerk.

CHRIS WALTERS
2414 Kettleman Lane #210-1109
Lodi, CA 95242

Dated: March 4, 2008                             RICHARD W. WIEKING, CLERK

                                                                   By:       /s/
                                                                                Leni Doyle
                                                                                Deputy Clerk